■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD LANGHORNE, Appellant. [875 NYS2d 529]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Kahn, J.), rendered December 5, 2006, convicting him of assault in the second degree and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the duration of one of the final orders of protection issued at the time of sentencing exceeds the maximum period permissible under CPL 530.13 (4). However, the defendant failed to preserve this contention for appellate review because he did not raise this issue at sentencing or move to amend the final order of protection on this ground (see CPL 470.05 [2]; People v Nieves, 2 NY3d 310, 316-318 [2004]; People v Anderson, 57 AD3d 794 [2008]), and we decline to review it in the exercise of our interest of justice jurisdiction (see CPL 470.15 [6] [a]; People v Anderson, 57 AD3d 794 [2008]; People v Dale, 43 AD3d 1075, 1076 [2007]).

Contrary to the defendant's contention, defense counsel was not ineffective for failing to request a missing witness charge regarding one of the complainants because the defendant was not entitled to such a charge (see People v Savinon, 100 NY2d 192, 198 [2003]; People v Hernandez, 43 AD3d 1412, 1412-1413 [2007]; People v Webster, 248 AD2d 738, 739 [1998]). Moreover, the defendant's contention that he was deprived of due process by the prosecutor's refusal to offer immunity to this witness is without merit (see CPL 50.30; People v Chin, 67 NY2d 22, 32 [1986]; People v Singh, 47 AD3d 733, 734 [2008]).

The defendant's remaining contention is without merit. Rivera, J.P., Angiolillo, Dickerson and Chambers, JJ., concur.