■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE JONES, Appellant. [915 NYS2d 512]—Appeal by the defendant, as limited by his motion, from a sentence of the County Court, Suffolk County (Efman, J.), imposed May 27, 2008, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed. No opinion. Dillon, J.P., Covello, Chambers and Hall, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID M. LIEFER, Appellant. [909 NYS2d 659]—Appeal by the defendant from a judgment of the County Court, Dutchess County (Hayes, J.), rendered January 26, 2009, convicting him of failure to register as a sex offender, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Paige*, 54 AD2d 631 [1976]; *cf. People v Gonzalez*, 47 NY2d 606 [1979]). Fisher, J.P., Dillon, Balkin, Chambers and Sgroi, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUNEL MAXINEAU, Appellant. [909 NYS2d 659]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Knopf, J.), rendered October 5, 2009, convicting him of rape in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that the duration of the order of protection issued at the time of sentencing exceeded the maximum time limits of CPL 530.13 (4) and failed to take into account jail-time credits. However, the defendant failed to preserve this argument for appellate review because he did not raise the issue at sentencing or move to amend the final order of protection on this ground (*see* CPL 470.05 [2]; *People v Nieves*, 2 NY3d 310, 316-318 [2004]), and we decline to review it in the exercise of our interest of justice jurisdiction (*see People v Dale*, 43 AD3d 1075 [2007]; *People v Varner*, 39 AD3d 882 [2007]). Fisher, J.P., Dillon, Balkin, Chambers and Sgroi, JJ., concur.