THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WATSON REMINGTON, Appellant. [933 NYS2d 891]—

The defendant is correct that his waiver of the right to appeal is unenforceable since the court failed to elicit a specific acknowledgment from him that he was waiving his right to appeal, as distinguished from his automatic forfeit of other trial rights, by pleading guilty (*see People v Moyett*, 7 NY3d 892, 893 [2006]; *People v Foster*, 87 AD3d 299, 303 [2011]). However, the defendant pleaded guilty with the understanding that he would receive the sentence of imprisonment that was eventually imposed, and, thus, has no basis to now contend that his sentence of imprisonment was excessive (*see People v Gibson*, 88 AD3d 1012, 1012 [2011]; *People v Gantt*, 85 AD3d 815, 816 [2011]; *People v Tate*, 84 AD3d 1416, 1417 [2011]; *People v Bunn*, 79 AD3d 1143, 1143-1144 [2010]).

The defendant failed to preserve his argument that the duration of the order of protection issued at the time of sentencing exceeded the maximum time period pursuant to CPL 530.12 (5) (ii), since he neither raised this issue at sentencing nor moved to amend the final order of protection on this ground (*see* CPL 470.05 [2]; *People v Nieves*, 2 NY3d 310, 316-318 [2004]; *People v Foster*, 87 AD3d at 304; *People v Maxineau*, 78 AD3d 732, 732 [2010]; *People v Langhorne*, 60 AD3d 867 [2009]). We decline to exercise our interest of justice jurisdiction to review this contention (*see People v Maxineau*, 78 AD3d at 732; *People v Langhorne*, 60 AD3d at 867). Mastro, A.P.J., Chambers, Austin and Miller, JJ., concur.