■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL CANTARERO, Appellant. [996 NYS2d 724]—

Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Murphy, J.), imposed December 16, 2011, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

A defendant who has validly waived the right to appeal cannot invoke this Court's interest of justice jurisdiction to obtain a reduced sentence (*see People v Lopez*, 6 NY3d 248, 255 [2006]). Here, however, this Court is not precluded from exercising its interest of justice jurisdiction because the defendant's purported waiver of his right to appeal was invalid. There is no indication in the record that the defendant understood the distinction between the right to appeal and the other trial rights which are forfeited incident to a plea of guilty (*see People v Bennett*, 115 AD3d 973, 973 [2014]; *People v Jacob*, 94 AD3d 1142, 1143 [2012]; *People v Mayo*, 77 AD3d 683, 683-684 [2010]; *People v Olivier*, 48 AD3d 486, 486 [2008]). Furthermore, although the defendant executed a written appeal waiver form, the transcript

of the plea proceeding fails to show that the defendant understood "the nature of the right to appeal and the consequences of waiving it" when he executed the written waiver (*People v Brown*, 122 AD3d 133, 140 [2014]). Under the circumstances here, we conclude that the defendant did not knowingly, voluntarily, and intelligently waive his right to appeal (*see People v Brown*, 122 AD3d 133 [2014]; *see generally People v Bradshaw*, 18 NY3d 257, 264-267 [2011]; *People v Ramos*, 7 NY3d 737, 738 [2006]; *People v Lopez*, 6 NY3d 248, 255 [2006]; *People v Hidalgo*, 91 NY2d 733, 735 [1998]).

Nevertheless, contrary to the defendant's contention, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Mastro, Hall, Miller and LaSalle, JJ., concur.