■ The People of the State of New York, Respondent, v Christopher Gordon, Appellant. [5 NYS3d 900]—

Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Richmond County (Rienzi, J.), imposed July 16, 2008, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

A defendant who has validly waived the right to appeal cannot invoke this Court's interest of justice jurisdiction to obtain a reduced sentence (*see People v Lopez*, 6 NY3d 248, 255 [2006]). Here, however, this Court is not precluded from exercising its interest of justice jurisdiction because the defendant's purported waiver of his right to appeal was invalid.

The record does not demonstrate that the defendant understood the distinction between the right to appeal and other trial rights forfeited incident to his plea of guilty (*see People v Cantarero*, 123 AD3d 841, 841 [2014]; *People v Bennett*, 115 AD3d 973, 973 [2014]; *People v Jacob*, 94 AD3d 1142, 1143 [2012]; *People v Mayo*, 77 AD3d 683, 683-684 [2010]; *People v Olivier*, 48 AD3d 486, 486 [2008]). Furthermore, although the record on appeal reflects that the defendant executed a written appeal waiver form, the transcript of the plea shows that "[t]he court did not ascertain on the record whether the defendant had read the waiver or discussed it with defense counsel, or whether he was even aware of its contents" (*People v Brown*, 122 AD3d 133, 145 [2014]). Accordingly, "despite [the] defendant's execution of a written waiver of the right to appeal, he did not knowingly, intelligently or voluntarily waive his right to appeal as the record fails to demonstrate a 'full appreciation of the consequences of such waiver' " (*People v Elmer*, 19 NY3d 501, 510 [2012], quoting *People v Bradshaw*, 18 NY3d 257, 264 [2011]; *see People v Callahan*, 80 NY2d 273, 283 [1992]; *People v Cantarero*, 123 AD3d at 841; *People v Brown*, 122 AD3d at 145; *People v Vasquez*, 101 AD3d 1054, 1054-1055 [2012]).

Nevertheless, contrary to the defendant's contention, the period of postrelease supervision imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Mastro, Hall, Miller and LaSalle, JJ., concur.