■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEFANO DEMICHELI, Appellant. [10 NYS3d 330]—Appeal by the defendant from a judgment of the County Court, Putnam County (Reitz, J.), rendered January 31, 2014, convicting him of criminal sale of a controlled substance in the third degree (four counts), upon his plea of guilty, and sentencing him to a determinate term of imprisonment of 10 years on each count, to run consecutively to each other, plus a period of three years of postrelease supervision.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by providing that the terms of imprisonment shall run concurrently with each other; as so modified, the judgment is affirmed.

The defendant pleaded guilty to four counts of criminal sale of a controlled substance in the third degree. He was 24 years old at the time of the plea. The defendant admitted that he sold controlled substances on four occasions between October and November 2011, for a combined total sum of $360. After failing to comply with all of the terms of his plea agreement, which required, inter alia, participation in a drug treatment program, the defendant, who had a history of substance abuse, was subsequently sentenced to a determinate term of 10 years imprisonment on each count. The County Court directed that the four terms of imprisonment run consecutively to each other, for a total aggregate term of 40 years of imprisonment.

The People contend that this Court is precluded from reviewing many of the contentions raised by the defendant on this appeal, since he validly waived his right to appeal during the plea proceeding. Contrary to the People's contention, however, the defendant did not knowingly, voluntarily, and intelligently waive his right to appeal (*see generally People v Bradshaw*, 18 NY3d 257, 265 [2011]; *People v Brown*, 122 AD3d 133, 140 [2014]).

The defendant's contention that he was deprived of the effec-

tive assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim" of ineffective assistance (*People v Maxwell*, 89 AD3d 1108, 1109 [2011]; *see People v Evans*, 16 NY3d 571, 575 n 2 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824, 825 [1981]; *People v Brown*, 45 NY2d 852, 853-854 [1978]). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805, 806 [2012]; *People v Maxwell*, 89 AD3d at 1109). However, the contentions raised in the defendant's motion pursuant to CPL 440.10 are not properly before this Court on the appeal from the judgment inasmuch as the defendant did not seek leave to appeal from the order denying that motion (*see People v Washington*, 45 AD3d 880 [2007]; *People v Wynn*, 40 AD3d 893 [2007]).

Contrary to the defendant's contention, the County Court did not improvidently exercise its discretion in denying his request for an adjournment prior to sentencing (*see People v Struss*, 79 AD3d 773, 774 [2010]; *People v McRae*, 62 AD3d 723, 724 [2009]).

However, the sentence imposed was excessive to the extent that the County Court directed that the four determinate terms run consecutively to each other. Accordingly, we modify the judgment as a matter of discretion in the interest of justice by providing that the terms of imprisonment imposed upon the defendant's conviction of each of the four counts of criminal sale of a controlled substance in the third degree shall run concurrently with each other. Hall, J.P., Sgroi, Miller and Hinds-Radix, JJ., concur.