■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER IOVINO, Appellant. [36 NYS3d 216]—

Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Richmond County (Rienzi, J.), imposed November 28, 2011, upon his plea of guilty, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

A defendant who has validly waived the right to appeal cannot invoke this Court's interest of justice jurisdiction to obtain a reduced sentence (*see People v Lopez*, 6 NY3d 248, 255 [2006]). Here, however, this Court is not precluded from exercising its interest of justice jurisdiction because the defendant's purported waiver of his right to appeal was invalid. The record does not demonstrate that the defendant understood the distinction between the right to appeal and other trial rights forfeited incident to his plea of guilty (*see People v Gordon*, 127 AD3d 1230, 1230-1231 [2015]; *People v Cantarero*, 123 AD3d 841, 841 [2014]; *People v Bennett*, 115 AD3d 973, 973 [2014]). Furthermore, although the record reflects that the defendant executed a written appeal waiver form, the transcript of the plea proceeding shows that "[t]he court did not ascertain on the record whether the defendant had read the waiver or discussed it with defense counsel, or whether he was even

aware of its contents" (*People v Brown*, 122 AD3d 133, 145 [2014]; *see People v Gordon*, 127 AD3d at 1231). Accordingly, "despite [the] defendant's execution of a written waiver of the right to appeal, he did not knowingly, intelligently or voluntarily waive his right to appeal as the record fails to demonstrate a 'full appreciation of the consequences of such waiver' " (*People v Elmer*, 19 NY3d 501, 510 [2012], quoting *People v Bradshaw*, 18 NY3d 257, 264 [2011]; *see People v Callahan*, 80 NY2d 273, 283 [1992]; *People v Gordon*, 127 AD3d at 1231).

Nevertheless, contrary to the defendant's contention, the sentence imposed was not excessive (*see People v Delgado*, 80 NY2d 780, 783 [1992]; *People v Thompson*, 60 NY2d 513, 519 [1983]; *People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Leventhal, Dickerson, Miller and Duffy, JJ., concur.