■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN BLACK, Appellant. [41 NYS3d 126]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered January 30, 2014, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant is correct that his waiver of the right to appeal is unenforceable. The record does not demonstrate that the defendant understood the distinction between the right to appeal and other trial rights forfeited incident to his plea of guilty (*see People v Pacheco*, 138 AD3d 1035, 1036 [2016]; *People v Gordon*, 127 AD3d 1230, 1230 [2015]; *People v Cantarero*,

123 AD3d 841, 841 [2014]; *People v Bennett*, 115 AD3d 973, 973 [2014]). Furthermore, although the record on appeal reflects that the defendant executed a written appeal waiver form, the transcript of the plea shows that the Supreme Court did not ascertain on the record whether the defendant had read the waiver or discussed it with defense counsel, or whether he was aware of its contents (*see People v Brown*, 122 AD3d 133, 145 [2014]; *see also People v Pacheco*, 138 AD3d at 1036). Under the circumstances here, the defendant did not knowingly, voluntarily, and intelligently waive his right to appeal (*see People v Brown*, 122 AD3d 133 [2014]; *see generally People v Bradshaw*, 18 NY3d 257, 264-267 [2011]; *People v Ramos*, 7 NY3d 737, 738 [2006]; *People v Lopez*, 6 NY3d 248, 255 [2006]).

The defendant's contention that the Supreme Court improperly imposed certain orders of protection at the time of sentencing is unpreserved for appellate review (*see People v Nieves*, 2 NY3d 310, 316 [2004]; *People v Deal*, 115 AD3d 975, 977 [2014]), and we decline to exercise our interest of justice jurisdiction to review this contention (*see People v Remington*, 90 AD3d 678, 679 [2011]; *People v Maxineau*, 78 AD3d 732, 732 [2010]). Eng, P.J., Mastro, Hall, Sgroi and Miller, JJ., concur.