■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHANNON M. CONLEY, Appellant. [55 NYS3d 320]—

Appeal by the defendant from a judgment of the County Court, Putnam County (Reitz, J.), rendered June 4, 2015, convicting her of grand larceny in the third degree, upon her plea of guilty, and sentencing her to an indeterminate term of imprisonment of 2⅓ to 7 years.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed from an indeterminate term of imprisonment of 2⅓ to 7 years to an indeterminate term of imprisonment of 1 to 3 years; as so modified, the judgment is affirmed.

The defendant failed to preserve for appellate review her contention that her plea was not knowing, voluntary, and intelligent, since she did not move to vacate her plea or otherwise raise this issue before the County Court (*see People v Lopez*, 71 NY2d 662, 665-666 [1988]; *People v Smith*, 146 AD3d 904, 904-905 [2017]). In any event, the defendant's contention regarding the knowing, voluntary, and intelligent nature of her plea of guilty is without merit (*see People v Smith*, 146 AD3d at 905).

The defendant's claim of ineffective assistance of counsel is based, at least in part, upon matter appearing outside the record. In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*see People v Marryshow*, 135 AD3d 964, 965 [2016]; *cf. People v Crump*, 53 NY2d 824, 825 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Accordingly, a CPL 440.10 proceeding is the appropriate forum for reviewing the defendant's claim in its entirety (*see People v Sanders*, 148 AD3d 846 [2017]; *People v Freeman*, 93 AD3d 805, 806 [2012]; *People v Maxwell*, 89 AD3d 1108, 1109 [2011]).

Contrary to the People's contention, under the circumstances of this case, the defendant's waiver of her right to appeal was

invalid. A waiver "is effective only so long as the record demonstrates that it was made knowingly, intelligently and voluntarily" (*People v Lopez*, 6 NY3d 248, 256 [2006]; *see People v Bradshaw*, 18 NY3d 257, 264 [2011]; *People v Brown*, 122 AD3d 133, 136 [2014]). "An appellate waiver meets this standard when a defendant has a full appreciation of the consequences of such waiver" (*People v Bradshaw*, 18 NY3d at 264 [internal quotation marks omitted]; *see People v Sanders*, 25 NY3d 337 [2015]; *People v Brown*, 122 AD3d at 136). "[F]actors individual to each defendant, such as the defendant's 'age, experience and background,' may be relevant in assessing the validity of a particular appeal waiver" (*People v Brown*, 122 AD3d at 138, quoting *People v Bradshaw*, 18 NY3d at 264-265; *see People v Sanders*, 25 NY3d 337 [2015]).

Here, in light of the defendant's age, lack of experience with the criminal justice system, and mental health history, the colloquy in which the prosecutor engaged with the defendant was insufficient to produce a voluntary, knowing, and intelligent waiver (*see People v Bradshaw*, 18 NY3d at 265-266; *People v DeMicheli*, 129 AD3d 743 [2015]; *cf. People v Sanders*, 25 NY3d at 342). Moreover, although the record contains a written waiver, there is no indication on the record that the County Court obtained an acknowledgment from the defendant that she had, in fact, signed the waiver or, if she had, that she was aware of its contents or discussed it with defense counsel (*see People v Elmer*, 19 NY3d 501, 510 [2012]; *People v Callahan*, 80 NY2d 273, 283 [1992]; *People v Camarda*, 138 AD3d 884, 885-886 [2016]; *People v Gordon*, 127 AD3d 1230, 1231 [2015]; *People v Brown*, 122 AD3d at 145).

Accordingly, the defendant is entitled to review of her contention that her sentence was excessive. Contrary to the People's contention, "the Appellate Division may exercise [the] power to modify a sentence even where the defendant pleaded guilty and received the sentence for which he or she bargained" (*People v Brown*, 122 AD3d at 146; *see People v Thompson*, 60 NY2d 513, 519-520 [1983]). Here, the sentence was excessive to the extent indicated. Mastro, J.P., Sgroi, LaSalle and Connolly, JJ., concur.