People v Medina (2018 NY Slip Op 03151)





People v Medina


2018 NY Slip Op 03151


Decided on May 2, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2016-04758
 (Ind. No. 7697/15)

[*1]The People of the State of New York, respondent,
v
Jordan Medina, appellant.


Seymour W. James, Jr., New York, NY (Whitney A. Robinson of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Terrence Heller of counsel; Aleena R. Peerzada on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Martin Murphy, J.), imposed April 1, 2016, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
On appeal, the defendant contends that his sentence of 2½ to 5 years' imprisonment on his conviction of burglary in the third degree was excessive. The People argue that the defendant's contention is precluded by the defendant's waiver of his right to appeal.
A defendant who has validly waived the right to appeal cannot invoke this Court's interest of justice jurisdiction to obtain a reduced sentence (see People v Lopez, 6 NY3d 248, 255). Here, however, this Court is not precluded from exercising its interest of justice jurisdiction because the defendant's purported waiver of his right to appeal was invalid.
A waiver of the right to appeal "is effective only so long as the record demonstrates that it was made knowingly, intelligently and voluntarily" (id. at 256; see People v Bradshaw, 18 NY3d 257, 264; People v Brown, 122 AD3d 133, 136). Although the Court of Appeals has "repeatedly observed that there is no mandatory litany that must be used in order to obtain a valid waiver of appellate rights" (People v Johnson, 14 NY3d 483, 486), "[t]he best way to ensure that the record reflects that the right is known and intentionally relinquished by the defendant is to fully explain to the defendant, on the record, the nature of the right to appeal and the consequences of waiving it" (People v Brown, 122 AD3d at 142; see People v Rocchino, 153 AD3d 1284; People v Blackwood, 148 AD3d 716, 716). "[A] thorough explanation should include an advisement that, while a defendant ordinarily retains the right to appeal even after he or she pleads guilty, the defendant is being asked, as a condition of the plea agreement, to waive that right" (People v Brown, 122 AD3d at 144).
Here, the record does not demonstrate that the defendant understood the distinction [*2]between the right to appeal and other trial rights forfeited incident to his plea of guilty (see People v Santeramo, 153 AD3d 1286; People v Black, 144 AD3d 935, 935-936; People v Pacheco, 138 AD3d 1035, 1036; People v Gordon, 127 AD3d 1230, 1230; People v Cantarero, 123 AD3d 841, 841; People v Bennett, 115 AD3d 973, 973). Furthermore, although the record on appeal reflects that the defendant executed written appeal waiver forms, the transcript of the plea proceedings shows that the court did not ascertain on the record whether the defendant had read the waivers or discussed them with defense counsel, or whether he was even aware of their contents (see People v Brown, 122 AD3d at 145; see also People v Santeramo, 153 AD3d 1286; People v Black, 144 AD3d at 936; People v Pacheco, 138 AD3d at 1036). Under the circumstances here, we conclude that the defendant did not knowingly, voluntarily, and intelligently waive his right to appeal (see People v Brown, 122 AD3d 133; see generally People v Bradshaw, 18 NY3d 257, 264-267; People v Ramos, 7 NY3d 737, 738; People v Lopez, 6 NY3d at 255).
Nevertheless, contrary to the defendant's contention, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
SCHEINKMAN, P.J., DILLON, MILLER, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court