People v Latham (2018 NY Slip Op 04753)





People v Latham


2018 NY Slip Op 04753


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2016-10667
 (Ind. No. 1539/16)

[*1]The People of the State of New York, respondent,
v
Michael Latham, appellant.


Paul Skip Laisure, New York, NY (Samuel Barr of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Victor Barall of counsel; Robert Ho on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Cassandra Mullen, J.), imposed September 21, 2016, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant pleaded guilty to one count of attempted criminal possession of a weapon in the third degree (see Penal Law §§ 110.00, 265.02[1]). He was sentenced, as a second felony offender, to an indeterminate term of imprisonment of two to four years. On appeal, the defendant contends that his sentence of imprisonment was excessive. The People argue that the defendant's contention is precluded by the defendant's waiver of his right to appeal.
A defendant who has validly waived the right to appeal cannot invoke this Court's interest of justice jurisdiction to obtain a reduced sentence (see People v Lopez, 6 NY3d 248, 255). Here, however, this Court is not precluded from exercising its interest of justice jurisdiction because the defendant's purported waiver of his right to appeal was invalid.
A waiver of the right to appeal "is effective only so long as the record demonstrates that it was made knowingly, intelligently and voluntarily" (People v Lopez, 6 NY3d at 256; see People v Bradshaw, 18 NY3d 257, 264; People v Brown, 122 AD3d 133, 136). Although the Court of Appeals has repeatedly observed that there is no mandatory litany that must be used in order to obtain a valid waiver of appellate rights (see People v Johnson, 14 NY3d 483, 486), "[t]he best way to ensure that the record reflects that the right is known and intentionally relinquished by the defendant is to fully explain to the defendant, on the record, the nature of the right to appeal and the consequences of waiving it" (People v Brown, 122 AD3d at 142; see People v Rocchino, 153 AD3d [*2]1284; People v Blackwood, 148 AD3d 716, 716).
"[A] thorough explanation should include an advisement that, while a defendant ordinarily retains the right to appeal even after he or she pleads guilty, the defendant is being asked, as a condition of the plea agreement, to waive that right" (People v Brown, 122 AD3d at 144). "[A] defendant should [also] . . . receive an explanation of the nature of the right to appeal, which essentially advises that this right entails the opportunity to argue, before a higher court, any issues pertaining to the defendant's conviction and sentence and to have that higher court decide whether the conviction or sentence should be set aside based upon any of those issues . . . [and] that appellate counsel will be appointed in the event that he or she were indigent" (id.). Finally, "trial courts should then explain the consequences of waiving the right to appeal, i.e., that the conviction and sentence will not receive any further review, and shall be final" (id.).
The Supreme Court did not provide the defendant with an explanation of the nature of the right to appeal or explain the consequences of waiving that right. In addition, nothing in the record shows that the defendant understood the distinction between the right to appeal and other trial rights forfeited incident to his plea of guilty (see People v Santeramo, 153 AD3d 1286; People v Black, 144 AD3d 935, 935-936; People v Pacheco, 138 AD3d 1035, 1036; People v Gordon, 127 AD3d 1230, 1230; People v Cantarero, 123 AD3d 841, 841; People v Bennett, 115 AD3d 973, 973). While the defendant was represented by counsel during the plea proceedings, counsel did not participate during the proceedings other than to acknowledge to the court that he was the defendant's attorney, and counsel did not sign the defendant's written appeal waiver form. Furthermore, although the record on appeal reflects that the defendant signed the written appeal waiver form, a written waiver "is not a complete substitute for an on-the-record explanation of the nature of the right to appeal" (People v Bradshaw, 76 AD3d 566, 569, affd 18 NY3d 257; see People v Cuevas-Alcantara, 136 AD3d at 650; People v Brown, 122 AD3d at 138-139; People v Keiser, 100 AD3d 927, 928). The court's colloquy amounted to nothing more than a simple confirmation that the defendant signed the waiver and a conclusory statement that the defendant understood the waiver or was executing it knowingly and voluntarily (see People v Burnett-Hicks, 133 AD3d 773, 774; People v Cantarero, 123 AD3d at 841-842; People v Brown, 122 AD3d at 140). Under the circumstances here, we conclude that the defendant did not knowingly, voluntarily, and intelligently waive his right to appeal (see People v Brown, 122 AD3d 133; see generally People v Bradshaw, 18 NY3d at 264-267; People v Ramos, 7 NY3d 737, 738; People v Lopez, 6 NY3d at 255).
Nevertheless, contrary to the defendant's contention, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court