People v Kajuan L. (2018 NY Slip Op 05605)





People v Kajuan L.


2018 NY Slip Op 05605


Decided on August 1, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 1, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2017-01277
 (Ind. No. 1247/16)

[*1]The People of the State of New York, respondent,
v
Kajuan L. (Anonymous), appellant.


Paul Skip Laisure, New York, NY (Ronald Zapata of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and William H. Branigan of counsel; Lorrie A. Zinno on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Barry Kron, J.), imposed December 15, 2016, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant's purported waiver of his right to appeal was invalid (see People v Bradshaw, 18 NY3d 257, 267; People v Lopez, 6 NY3d 248, 257; People v DeSimone, 80 NY2d 273, 283; People v Lopez, 156 AD3d 903, 903). In light of the defendant's age, lack of experience with the criminal justice system, and limited education, the Supreme Court's limited colloquy did not ensure the defendant's understanding of the distinction between the right to appeal and the other rights that are automatically forfeited on a plea of guilty (see People v Bradshaw, 18 NY3d at 264; People v DeMicheli, 129 AD3d 743). Although there is a written waiver of the right to appeal signed by the defendant in the record, there is no mention of it in the transcript of the plea proceeding, and thus the court failed to ascertain on the record whether the defendant had read the waiver or whether he was aware of its contents (see People v Iovino, 142 AD3d 561, 561-562; People v Brown, 122 AD3d 133, 145). Thus, the waiver does not preclude review of the defendant's excessive sentence claim. However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., SGROI, HINDS-RADIX, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court