People v Novotny (2018 NY Slip Op 05870)





People v Novotny


2018 NY Slip Op 05870


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2016-06175
2016-06176

[*1]The People of the State of New York, respondent,
v
Kyle S. Novotny, appellant. (S.C.I. Nos. 214/13, 263/13)


Yasmin Daley Duncan, Brooklyn, NY, for appellant.
Robert V. Tendy, District Attorney, Carmel, NY (David M. Bishop of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the County Court, Putnam County (James F. Reitz, J.), both rendered April 28, 2016, as amended May 3, 2016. The first judgment, as amended, under Superior Court Information No. 214/13, convicted the defendant of criminal possession of a controlled substance in the third degree, upon his plea of guilty, sentenced him to a determinate term of seven years' imprisonment and two years' postrelease supervision, and imposed a fine of $5,000. The second judgment, as amended, under Superior Court Information No. 263/13, convicted the defendant of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and sentenced him to a determinate term of seven years' imprisonment and two years' postrelease supervision, with the sentences to run consecutively.
ORDERED that the judgments, as amended, are modified, as a matter of discretion in the interest of justice, by reducing each of the sentences imposed to a determinate term of four years' imprisonment and two years' postrelease supervision, to be run concurrently, and the provision of the judgment, as amended, under Superior Court Information No. 214/13 imposing a fine of $5,000 is vacated; as so modified, the judgments, as amended, are affirmed.
Under the circumstances of this case, the defendant's purported waivers of his right to appeal were unenforceable. A waiver of the right to appeal "is effective only so long as the record demonstrates that it was made knowingly, intelligently and voluntarily" (People v Lopez, 6 NY3d 248, 256; see People v Bradshaw, 18 NY3d 257, 264; People v Conley, 150 AD3d 1023, 1024; People v Brown, 122 AD3d 133, 136). "An appellate waiver meets this standard when a defendant has a full appreciation of the consequences of such waiver" (People v Bradshaw, 18 NY3d at 264 [internal quotation marks omitted]; see People v Sanders, 25 NY3d 337; People v Brown, 122 AD3d at 136). "[F]actors individual to each defendant, such as the defendant's age, experience and background,' may be relevant in assessing the validity of a particular appeal waiver" (People v Brown, 122 AD3d at 138, quoting People v Bradshaw, 18 NY3d at 264-265; see People v Sanders, 25 NY3d 337).
Here, in light of the defendant's age and lack of experience with the criminal justice system, the colloquies in which the prosecutors engaged with the defendant were insufficient to [*2]produce a knowing, voluntary, and intelligent waiver (see People v Bradshaw, 18 NY3d at 265-266; People v Conley, 150 AD3d at 1024; People v DeMicheli, 129 AD3d 743; cf. People v Sanders, 25 NY3d at 342). Indeed, the nature of the right to appeal was never described, even in passing. Moreover, although the record contains a written waiver, there is no indication on the record that the County Court obtained an acknowledgment from the defendant that he had even read the waiver (see People v Gordon, 127 AD3d 1230, 1231; People v Brown, 122 AD3d at 145).
Accordingly, the defendant is entitled to review of his contention that his sentence was excessive. In the first matter, Superior Court Information No. 214/13, the defendant was offered a six-month jail term and five years' probation, and youthful offender treatment. Alternatively, he was offered the opportunity to seek drug treatment. Although the defendant was warned that, upon failure to complete treatment, he could be sentenced to a term as severe as nine years' imprisonment and a period of postrelease supervision, he nevertheless opted to attempt treatment. He suffered several relapses and ultimately did not successfully complete treatment. Superior Court Information No. 263/13 was the result of one of those failures. After the defendant violated his plea agreements by failing to successfully complete treatment, the County Court was required to impose appropriate sentences within the authorized range. Given the plea offers originally extended, the defendant's personal circumstances, the nature of his crimes, and the Probation Department's recommendation that the defendant be sentenced to probation, the sentences were excessive to the extent indicated herein (see People v Conley, 150 AD3d 1023; People v Camarda, 138 AD3d 884; People v DeMicheli, 129 AD3d 743).
BALKIN, J.P., AUSTIN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court