People v Cardiello (2018 NY Slip Op 06025)





People v Cardiello


2018 NY Slip Op 06025


Decided on September 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SHERI S. ROMAN
JEFFREY A. COHEN
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2016-05827
 (Ind. No. 10090/16)

[*1]The People of the State of New York, respondent,
v
Sandra Cardiello, appellant.


Paul Skip Laisure, New York, NY (Caitlin Halpern of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Christopher Blira-Koessler of counsel; Victoria Randall on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by her motion, from a sentence of the Supreme Court, Queens County (Suzanne J. Melendez, J.), imposed May 2, 2016, upon her plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant's purported waiver of the right to appeal was invalid and, thus, does not preclude review of her excessive sentence claim. The record does not demonstrate that the defendant understood the distinction between the right to appeal and other trial rights forfeited incident to her plea of guilty (see People v Kupershmidt, 152 AD3d 797, 798; People v Black, 144 AD3d 935; People v Pacheco, 138 AD3d 1035, 1036), or that she otherwise understood the nature of the right to appeal (see People v Kupershmidt, 152 AD3d at 798). Although the defendant executed a written appeal waiver form, the Supreme Court did not ascertain on the record whether the defendant had read the waiver or discussed it with defense counsel, or whether she was aware of its contents (see People v Brown, 122 AD3d 133, 145; see also People v Kupershmidt, 152 AD3d at 798; People v Black, 144 AD3d at 936). Under these circumstances, the record does not reflect that the defendant knowingly, voluntarily, and intelligently waived her right to appeal (see People v Brown, 122 AD3d at 145).
However, contrary to the defendant's contention, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
SCHEINKMAN, P.J., ROMAN, COHEN, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court