People v Walcott (2019 NY Slip Op 00317)





People v Walcott


2019 NY Slip Op 00317


Decided on January 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2016-10663
 (Ind. No. 1127/16)

[*1]The People of the State of New York, respondent,
v
Christopher Walcott, appellant.


Paul Skip Laisure, New York, NY (Melissa Lee of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jodi L. Mandel of counsel; Thomas Arning on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Cassandra M. Mullen, J.), imposed September 14, 2016, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
As the People correctly concede, the defendant's purported waiver of the right to appeal was invalid, as the Supreme Court did not provide the defendant with an explanation of the nature of the right to appeal or explain the consequences of waiving that right. In addition, nothing on the face of the record demonstrates that the defendant understood the distinction between the right to appeal and other trial rights forfeited incident to his plea of guilty (see People v Latham, 162 AD3d 1068; People v Santeramo, 153 AD3d 1286; People v Black, 144 AD3d 935; People v Pacheco, 138 AD3d 1035, 1036; People v Gordon, 127 AD3d 1230). Thus, the purported waiver does not preclude review of the defendant's contention that the period of postrelease supervision imposed was excessive (cf. People v Lopez, 6 NY3d 248, 255).
Nevertheless, the period of postrelease supervision imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., HINDS-RADIX, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court