People v Graves (2019 NY Slip Op 00301)





People v Graves


2019 NY Slip Op 00301


Decided on January 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2017-03746
2017-03747
2017-03748
2017-03749

[*1]The People of the State of New York, respondent,
v
Michael Graves, appellant. (S.C.I. Nos. 1158/17, 1275/17, 1276/17, 1277/17)


Paul Skip Laisure, New York, NY (David L. Goodwin of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Camille O'Hara Gillespie of counsel; Ruby D. Andrade on the memorandum), for respondent.



DECISION & ORDER
Appeals by the defendant, as limited by his motion, from four sentences of the Supreme Court, Kings County (Danny K. Chun, J.), all imposed March 15, 2017, upon his pleas of guilty, on the ground that the sentences were excessive.
ORDERED that the sentences are affirmed.
The defendant's purported waivers of his right to appeal were invalid (see People v Bradshaw, 18 NY3d 257, 267; People v Brown, 122 AD3d 133, 137; People v Johnson, 109 AD3d 1004). The Supreme Court did not confirm that the defendant understood the nature of the right to appeal, and the consequences of waiving that right (see People v Brown, 122 AD3d at 142). Although the record reflects that the defendant executed written waivers of his right to appeal, the court did not ascertain on the record whether the defendant had read the waivers or whether he was aware of their contents (see People v Iovino, 142 AD3d 561, 561-562; People v Brown, 122 AD3d at 145). Under the circumstances, the record does not demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Brown, 122 AD3d at 145).
However, the sentences imposed were not excessive (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., LEVENTHAL, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court