People v Batista (2019 NY Slip Op 07597)





People v Batista


2019 NY Slip Op 07597


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2017-03147
 (Ind. No. 9324/14)

[*1]The People of the State of New York, respondent,
v
Octavio Batista, appellant.


Paul Skip Laisure, New York, NY (Benjamin S. Litman of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Matthew B. Keller of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Danny K. Chun, J.), imposed March 16, 2016, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
Contrary to the People's contention, the record does not demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Lopez, 6 NY3d 249, 256). It is not apparent from the face of the record that the defendant had a full appreciation of the consequences and understanding of the waiver of the right to appeal (see People v Sanders, 25 NY3d 337, 340). The Supreme Court's brief colloquy failed to sufficiently advise the defendant of the nature of the right to appeal and the consequences of waiving it (see People v Bakayoko, 174 AD3d 730, 731; People v Torres, 168 AD3d 887, 888; People v Iovino, 142 AD3d 561, 562). Although the defendant signed a written waiver of the right to appeal, the court did not ascertain on the record whether the defendant had read the waiver or discussed it with his attorney, or whether he was aware of its contents (see People v Cambridge, 168 AD3d 1092; People v Iovino, 142 AD3d at 561-562). Thus, the purported appeal waiver does not preclude appellate review of the defendant's excessive sentence claim.
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., MALTESE, BARROS, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court