People v Smalls (2019 NY Slip Op 08713)





People v Smalls


2019 NY Slip Op 08713


Decided on December 4, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY, JJ.


2018-07014
 (Ind. No. 2290/17)

[*1]The People of the State of New York, respondent,
v
Alfonso Smalls, appellant.


Paul Skip Laisure, New York, NY (Grace DiLaura of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano and Johnnette Traill of counsel; Eleanor Reilly on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Barry Kron, J.), imposed April 26, 2018, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The record does not establish that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bradshaw, 18 NY3d 257). The Supreme Court's terse colloquy at the plea allocution failed to sufficiently advise the defendant of the nature of his right to appeal, and to assure that the defendant understood the distinction between the right to appeal, which is a right that the defendant was being asked to voluntarily relinquish, and other trial rights that are forfeited incident to a plea of guilty (see People v Farrell, 169 AD3d 919, 920). Particularly in light of the defendant's young age, relative inexperience with the criminal justice system, and significant mental health history, the defendant's purported appeal waiver was invalid and does not preclude appellate review of his excessive sentence claim (see People v Bradshaw, 18 NY3d at 266; People v Farrell, 169 AD3d at 920; People v Brown, 167 AD3d 929; People v Conley, 150 AD3d 1023, 1024).
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BALKIN, J.P., CHAMBERS, COHEN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court