People v Liverman (2020 NY Slip Op 01185)





People v Liverman


2020 NY Slip Op 01185


Decided on February 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2018-11660
 (Ind. No. 3703/17)

[*1]The People of the State of New York, respondent,
v
Greg Liverman, appellant.


Paul Skip Laisure, New York, NY (Yvonne Shivers of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Caroline R. Donhauser of counsel; Maria Torres on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Matthew J. D'Emic, J.), imposed July 16, 2018, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant's purported waiver of his right to appeal was invalid. The Supreme Court failed to provide the defendant with an adequate explanation of the nature of the right to appeal and the consequences of waiving that right (see People v Himonitis, 174 AD3d 738, 738; People v Gooding, 174 AD3d 642, 643; People v Pelige, 172 AD3d 1407, 1407-1408). Moreover, although the record reflects that the defendant executed a written appeal waiver form, the transcript of the plea proceeding demonstrates that the court did not ascertain on the record whether the defendant had read the waiver or discussed it with defense counsel, or whether he was even aware of its contents (see People v Santeramo, 153 AD3d 1286, 1287; People v Iovino, 142 AD3d 561, 561-562; People v Brown, 122 AD3d 133, 145). Since the defendant's purported waiver of his right to appeal was invalid, this Court is not precluded from reviewing the defendant's excessive sentence claim.
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BALKIN, J.P., CHAMBERS, COHEN, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court