People v Giscombe (2020 NY Slip Op 03529)





People v Giscombe


2020 NY Slip Op 03529


Decided on June 24, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2017-12097
 (Ind. No. 9187/16)

[*1]The People of the State of New York, respondent,
v
Ronald Giscombe, appellant.


Janet E. Sabel, New York, NY (Ying-Ying Ma of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Solomon Neubort of counsel; Isaac Belenkiy on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Dena E. Douglas, J.), imposed August 3, 2017, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant's purported waiver of his right to appeal was invalid (see People v Bradshaw, 18 NY3d 257, 265). The Supreme Court's terse colloquy at the plea allocution failed to sufficiently advise the defendant of the nature of his right to appeal (see People v Farrell, 169 AD3d 919, 919-920; People v Nugent, 109 AD3d 625, 625). There is no indication in the record that the defendant understood the distinction between the right to appeal, which is a right that the defendant was being asked to voluntarily relinquish, and other trial rights that are forfeited incident to a plea of guilty (see People v Farrell, 169 AD3d at 920; People v Hong Mo Lin, 163 AD3d 849, 849; People v Santeramo, 153 AD3d 1286, 1286). Accordingly, the defendant's purported appeal waiver does not preclude review of his excessive sentence claim (see People v Bradshaw, 18 NY3d at 264-265; People v Conley, 150 AD3d 1023, 1023; cf. People v Sanders, 25 NY3d 337).
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., MALTESE, BARROS, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court