■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALDO BOUSTANI, Also Known as ALDO PABLO, Appellant. [752 NYS2d 683] —Appeal by the defendant from a judgment of the County Court, Nassau County (LaPera, J.), rendered December 21, 1999, convicting him of criminal sale of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the People's contention, the defendant's waiver of his right to appeal was not effective. While there is no "uniform mandatory catechism of pleading" (*People v Nixon,* 21 NY2d 338, 353, *cert denied sub nom. Robinson v New York,* 393 US 1067; *People v Harris,* 61 NY2d 9, 16), a waiver of the right to appeal will not be enforced unless it was knowingly, intelligently, and voluntarily made (*see People v Seaberg,* 74 NY2d 1, 11). "To facilitate appellate review, the *Seaberg* opinion urges the trial courts to ensure that the terms and conditions of the agreement, as well as the accused's understanding of those terms and conditions, are made apparent on the face of the record" (*People v Callahan,* 80 NY2d 273, 280). Here, the County

Court did not place the terms and conditions of the appellate waiver on the record. Its bare inquiry, "Now, you understand by pleading guilty you are waiving * * * your right to appeal; do you understand that," was insufficient to elicit an effective waiver (*see People v Brown,* 296 AD2d 860; *People v Kemp,* 255 AD2d 397). Nevertheless, on the merits, the defendant's contentions on appeal are without merit. S. Miller, J.P., Krausman, Luciano and Cozier, JJ., concur.