THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID KEISER, Appellant. [954 NYS2d 184]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (T. Dolan, J.), rendered April 12, 2007, convicting him of attempted criminal sexual act in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

As a threshold matter, the defendant's written waiver of his right to appeal was not valid, because the County Court did not ensure that he "understood the valued right [he] was relinquishing" (*People v Lopez*, 6 NY3d 248, 257 [2006]; *People v Elcine*, 43 AD3d 1176, 1177 [2007] [internal quotation marks omitted]). A detailed written waiver can supplement a court's on-the-record explanation of what a waiver of the right to appeal entails, but a written waiver "does not, standing alone, provide sufficient assurance that the defendant is knowingly, intelligently and voluntarily giving up his or her right to appeal as a condition of the plea agreement" (*People v Bradshaw*, 76 AD3d 566, 569 [2010], *affd* 18 NY3d 257 [2011]). Here, the County Court did not mention the appellate waiver during its inquiry of the defendant prior to his plea allocution and merely stated, only after the defendant pleaded guilty, that it would defer the waiver until sentencing. Accordingly, the defendant's written waiver of the right to appeal was not valid.

We reject the defendant's argument that he lacked capacity to enter a plea of guilty. CPL 730.30 (1) states: "At any time after a defendant is arraigned upon an accusatory instrument other than a felony complaint and before the imposition of sentence, or at any time after a defendant is arraigned upon a felony complaint and before he is held for the action of the grand jury, *the court wherein the criminal action is pending must issue an order of examination when it is of the opinion that the defendant may be an incapacitated person*" (emphasis added). An "[i]ncapacitated person" is a person "who as a result of mental disease or defect lacks capacity to understand the proceedings against him or to assist in his own defense" (CPL 730.10 [1]). A defendant is presumed competent and the court is not required to issue an order of examination unless there exists a reasonable ground to believe that the defendant was an incapacitated person (*see People v Morgan*, 87 NY2d 878, 880 [1995]). The presumption of capacity is not rebutted by a mere showing that the defendant has a history of mental illness (*see People v Bilal*, 79 AD3d 900, 902 [2010]).

At the plea proceeding in this case, the defendant, in response to an inquiry by the County Court, indicated that the medications he was taking affected his thought process or ability to understand the proceedings. The court engaged in a further colloquy with him, and his attorney declared that the defendant rationally approached the plea decision. Moreover, the court observed the defendant and noted that he appeared lucid and responsive. Thus, the County Court inquired into the defend-

ant's competence to proceed, and made a concurrent determination of his capacity prior to accepting his plea of guilty. The colloquy between the defendant and the County Court did not reveal a reasonable ground to believe that the defendant lacked the capacity to understand the proceeding against him or to assist in his own defense. Accordingly, the court did not err in accepting the defendant's plea of guilty (*see* CPL 730.10 [1]; *People v Armlin*, 37 NY2d 167, 168 [1975]; *cf. People v Galea*, 54 AD3d 686, 688 [2008]).

Contrary to the defendant's contention, the County Court properly, in effect, imposed a $1,000 supplemental sex offender victim fee (*see* Penal Law § 60.35 [1] [b]). In addition, although the defendant argues that the County Court improperly failed to rule on his objections to certain alleged inaccuracies in the presentence report, he failed, prior to sentencing, to move to have the report corrected (*see People v Skinner*, 261 AD2d 490 [1999]) or to seek an adjournment for the preparation of a new report (*see People v Karlas*, 208 AD2d 767 [1994]).

The County Court did not err in failing to warn the defendant of the Sex Offender Registration Act (Correction Law art 6-C) consequences of his plea since sex offender registration is a collateral consequence of a plea of guilty (*see People v Gravino*, 14 NY3d 546 [2010]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 86 [1982]). Dillon, J.P., Angiolillo, Dickerson and Cohen, JJ., concur.