■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIJAH LITTLE, Appellant. [5 NYS3d 896]—

Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County, (Jeong, J.), imposed January 23, 2013, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

The defendant's purported waiver of his right to appeal was invalid. The record fails to establish that the defendant's purported waiver of his right to appeal was knowing, voluntary, and intelligent (*see People v Bradshaw*, 18 NY3d 257, 272-273 [2011]). An appeal waiver is not valid unless the defendant's understanding of the waiver is evident on the face of the record (*id.* at 264-265; *People v Lopez*, 6 NY3d 248, 256 [2006]). Here, the trial court's statement to the defendant that

he was giving up his right to appeal, followed by its inquiry as to whether his attorney had explained that right to him, was insufficient to demonstrate a valid waiver (*see People v Brown*, 122 AD3d 133, 141 [2014]; *People v Oquendo*, 105 AD3d 447, 448 [2013]; *People v Vasquez*, 101 AD3d 1054, 1054-1055 [2012]; *People v Boustani*, 300 AD2d 313, 314 [2002]). The defendant's execution of a written waiver "is not a complete substitute for an *on-the-record explanation of the nature of the right to appeal,* and some acknowledgment that the defendant is voluntarily giving up that right" (*People v Bradshaw*, 76 AD3d 566, 569 [2010], *affd* 18 NY3d 257 [2011] [emphasis added]; *see People v Brown*, 122 AD3d at 138-139; *People v Crawford*, 110 AD3d 916, 916 [2013]).

Upon review, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Skelos, Leventhal, Roman and Duffy, JJ., concur.