■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS CUEVAS-ALCANTARA, Appellant. [23 NYS3d 902]—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Mullings, J.), imposed February 13, 2013, upon his plea of guilty, on the ground that the sentence was excessive.

Ordered that the judgment is affirmed.

The defendant's purported waiver of his right to appeal was invalid, as the record fails to establish that he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bradshaw, 18 NY3d 257, 272-273 [2011]; People v Lopez, 6 NY3d 248, 256 [2006]; People v Little, 127 AD3d 1235 [2015]; People v Quezada, 122 AD3d 948 [2014]; People v Brown, 122 AD3d 133 [2014]). The record does not demonstrate that the defendant understood the nature of the right to appeal and the consequences of waiving it (see People v Cantarero, 123 AD3d 841, 842 [2014]; People v Brown, 122 AD3d at 140). The defendant's execution of a written waiver "is not a complete substitute for an on-the-record explanation of the nature of the right to appeal, and some acknowledgment that the defendant is voluntarily giving up that right" (People v Bradshaw, 76 AD3d 566, 569 [2010], affd 18 NY3d 257 [2011]; see People v Little, 127 AD3d 1235 [2015]; People v Brown, 122 AD3d 133 [2014]).

Nevertheless, contrary to the defendant's contention, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Eng, P.J., Dillon, Sgroi, Hinds-Radix and Barros, JJ., concur.