■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT J. COLLINS, Appellant. [35 NYS3d 656]—

Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Lewis, J.), imposed February 21, 2014, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

A defendant who has validly waived the right to appeal has waived the right to invoke this Court's interest of justice jurisdiction to reduce the sentence (see People v Lopez, 6 NY3d 248, 255 [2006]). Here, however, this Court is not precluded from exercising its interest of justice jurisdiction because the defendant's purported waiver of his right to appeal was invalid. The record fails to demonstrate that the defendant understood the nature of the right to appeal and the consequences of waiving that right (see People v Williams, 131 AD3d 627, 627-628 [2015]; People v Brown, 122 AD3d 133, 144 [2014]). Although the defendant executed a written waiver of his right to appeal, the Supreme Court's colloquy amounted to nothing more than a simple confirmation that the defendant signed the waiver and a conclusory statement that the defendant understood the waiver or was executing it knowingly and voluntarily (see People v Brown, 122 AD3d at 140). Under these circumstances, the defendant did not knowingly, voluntarily, and intelligently waive his right to appeal (see People v Brown, 122 AD3d 133 [2014]; see generally People v Bradshaw, 18 NY3d 257, 264-267 [2011]).

Nevertheless, contrary to the defendant's contention, the period of postrelease supervision imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Mastro, Hall, Sgroi and Miller, JJ., concur.