■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANA DE LA ROSA, Appellant. [48 NYS3d 606]—Appeal by the defendant, as limited by her motion, from a sentence of the Supreme Court, Queens County (Buchter, J.), imposed September 4, 2012, upon her plea of guilty, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

The defendant's purported waiver of her right to appeal was invalid, as the record fails to establish that she knowingly, voluntarily, and intelligently waived her right to appeal (*see People v Bradshaw*, 18 NY3d 257, 272-273 [2011]; *People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Cuevas-Alcantara*, 136 AD3d 650 [2016]; *People v Little*, 127 AD3d 1235 [2015]; *People v Quezada*, 122 AD3d 948 [2014]). "An appeal waiver is not valid unless the defendant's understanding of the waiver is evident on the face of the record" (*People v Little*, 127 AD3d at 1235; *see People v Bradshaw*, 18 NY3d at 264-265). The record does not demonstrate that the defendant understood the nature of the right to appeal and the consequences of waiving it (*see People v Cuevas-Alcantara*, 136 AD3d at 650; *People v Cantarero*, 123 AD3d 841, 842 [2014]). Moreover, the defendant's execution of a written waiver " 'is not a complete substitute for an on-the-record explanation of the nature of the right to appeal, and some acknowledgment that the defendant is voluntarily giving up that right' " (*People v Cuevas-Alcantara*, 136 AD3d at 650, quoting *People v Bradshaw*, 76 AD3d 566, 569 [2010]; *see People v Brown*, 122 AD3d 133 [2014]).

Nevertheless, contrary to the defendant's contention, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Dillon, Sgroi, Miller and Brathwaite Nelson, JJ., concur.