■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICK ETIENNE, Appellant. [59 NYS3d 427]—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Donnelly, J.), imposed October 10, 2013, upon his plea of guilty, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

The defendant's purported waiver of his right to appeal was invalid, as the record fails to establish that he knowingly, voluntarily, and intelligently waived his right to appeal (*see People v Maracle*, 19 NY3d 925, 927-928 [2012]; *People v Bradshaw*, 18 NY3d 257, 272-273 [2011]; *People v Lopez*, 6 NY3d 248, 256 [2006]). An appeal waiver is not valid unless the defendant's understanding of the waiver is evident on the face of the record (*see People v De La Rosa*, 148 AD3d 927 [2017]; *People v Little*, 127 AD3d 1235 [2015]). Moreover, "[t]he defendant's execution of a written waiver 'is not a complete substitute for an on-the-record explanation of the nature of the right to appeal, and some acknowledgment that the defendant is voluntarily giving up that right' " (*People v Cuevas-Alcantara*, 136 AD3d 650, 650 [2016], quoting *People v Bradshaw*, 76 AD3d 566, 569 [2010], *affd* 18 NY3d 257 [2011]). Here, the record does not demonstrate that the defendant understood the nature of the right to appeal and the consequences of waiving it (*see People v Gonzalez*, 150 AD3d 1024 [2017]; *People v De La Rosa*, 148 AD3d 927 [2017]; *People v Cuevas-Alcantara*, 136 AD3d 650 [2016]; *People v Little*, 127 AD3d 1235 [2015]; *People v Quezada*, 122 AD3d 948 [2014]; *People v Brown*, 122 AD3d 133 [2014]). The Supreme Court's statement that "[i]f you understand the rights you've waived by pleading guilty, if you recognize that the plea is final and you're satisfied with these proceedings, please sign the waiver of your right to appeal," was insufficient (*see People*

*v Gonzalez*, 150 AD3d 1024 [2017]; *People v Collins*, 141 AD3d 729 [2016]). Thus, the waiver does not preclude review of the defendant's excessive sentence claim (*see People v Lopez*, 6 NY3d at 257).

Nevertheless, contrary to the defendant's contention, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Dillon, Sgroi, Maltese and Barros, JJ., concur.