People v Ariaspacho (2018 NY Slip Op 05328)





People v Ariaspacho


2018 NY Slip Op 05328


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2016-08616
 (Ind. No. 942/15)

[*1]The People of the State of New York, respondent,
v
Juan Carlo Ariaspacho, appellant.


Paul Skip Laisure, New York, NY, for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Eric C. Washer of counsel; Lorrie A. Zinno on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Deborah Stevens Modica, J.), imposed March 30, 2016, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant's purported waiver of his right to appeal was invalid (see People v Bradshaw, 18 NY3d 257, 264; People v Little, 127 AD3d 1235, 1235-1236; People v Brown, 122 AD3d 133, 137). The Supreme Court failed to confirm that the defendant understood the nature of the right to appeal and the consequences of waiving it (see People v Brown, 122 AD3d at 142). Although the record of the proceedings reflects that the defendant executed a written waiver of his right to appeal, no written waiver is contained in the record on appeal. Moreover, the court failed to ascertain on the record whether the defendant had read the waiver or whether he was aware of its contents (see People v Iovino, 142 AD3d 561, 561-562; People v Brown, 122 AD3d at 145). Thus, the waiver does not preclude review of the defendant's excessive sentence claim. However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court