People v Alston (2018 NY Slip Op 05327)





People v Alston


2018 NY Slip Op 05327


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2016-04963
 (Ind. No. 1756/16)

[*1]The People of the State of New York, respondent,
v
Kevin Alston, appellant.


Paul Skip Laisure, New York, NY (Yvonne Shivers of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Solomon Neubort of counsel; Ruby D. Andrade on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (John T. Hecht, J.), imposed April 4, 2016, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant pleaded guilty to two counts of robbery in the second degree (see Penal Law § 160.10[2][b]). He was sentenced to a determinate term of six years' imprisonment on each count. The Supreme Court directed the sentences of imprisonment to run concurrently. On appeal, the defendant contends that his sentences of imprisonment were excessive. The People argue that the defendant's contention is precluded by his waiver of his right to appeal.
A defendant who has validly waived the right to appeal cannot invoke this Court's interest of justice jurisdiction to obtain a reduced sentence (see People v Lopez, 6 NY3d 248, 255). Here, however, this Court is not precluded from exercising its interest of justice jurisdiction because the defendant's purported waiver of his right to appeal was invalid.
A waiver of the right to appeal "is effective only so long as the record demonstrates that it was made knowingly, intelligently and voluntarily" (People v Lopez, 6 NY3d at 256; see People v Bradshaw, 18 NY3d 257, 264; People v Brown, 122 AD3d 133, 136). Although the Court of Appeals has "repeatedly observed that there is no mandatory litany that must be used in order to obtain a valid waiver of appellate rights" (People v Johnson, 14 NY3d 483, 486), "[t]he best way [*2]to ensure that the record reflects that the right is known and intentionally relinquished by the defendant is to fully explain to the defendant, on the record, the nature of the right to appeal and the consequences of waiving it" (People v Brown, 122 AD3d at 142; see People v Rocchino, 153 AD3d 1284; People v Blackwood, 148 AD3d 716, 716).
"[A] thorough explanation should include an advisement that, while a defendant ordinarily retains the right to appeal even after he or she pleads guilty, the defendant is being asked, as a condition of the plea agreement, to waive that right" (People v Brown, 122 AD3d at 144; see People v Medina, 161 AD3d 778). "[A] defendant should [also] . . . receive an explanation of the nature of the right to appeal, which essentially advises that this right entails the opportunity to argue, before a higher court, any issues pertaining to the defendant's conviction and sentence and to have that higher court decide whether the conviction or sentence should be set aside based upon any of those issues . . . [and] that appellate counsel will be appointed in the event that he or she were indigent" (People v Brown, 122 AD3d at 144). Finally, "trial courts should then explain the consequences of waiving the right to appeal, i.e., that the conviction and sentence will not receive any further review, and shall be final" (id.).
Here, the record does not demonstrate that the defendant understood the nature of the right to appeal and the consequences of waiving it (see People v Etienne, 152 AD3d 790, 790; People v Gonzalez, 150 AD3d 1024, 1025; People v De La Rosa, 148 AD3d 927, 927; People v Cuevas-Alcantara, 136 AD3d 650, 650). The Supreme Court did not provide the defendant with an adequate explanation of the nature of the right to appeal or the consequences of waiving that right (cf. People v Brown, 122 AD3d at 144). The court failed to advise the defendant that he would ordinarily retain the right to appeal even after pleading guilty, but that in this case he was being asked to voluntarily relinquish that right as a condition of the plea agreement (cf. People v Brown, 122 AD3d at 144). Moreover, the court never elicited an acknowledgment that the defendant was voluntarily waiving his right to appeal (see People v Santeramo, 153 AD3d 1286; People v Guarchaj, 122 AD3d 878, 879; People v Pelaez, 100 AD3d 803, 803).
Although the record on appeal reflects that the defendant signed a written appeal waiver form, a written waiver "is not a complete substitute for an on-the-record explanation of the nature of the right to appeal" (People v Bradshaw, 76 AD3d 566, 569, affd 18 NY3d 257; see People v Cuevas-Alcantara, 136 AD3d at 650; People v Brown, 122 AD3d at 138-139; People v Keiser, 100 AD3d 927, 928). While the written waiver in this case "expressly provided that the court had informed the defendant about the nature of his right to appeal, that representation is contradicted by the oral colloquy" (People v Brown, 122 AD3d at 145). Rather, the record reflects that the Supreme Court's colloquy regarding the written waiver amounted to nothing more than "a simple confirmation that the defendant signed [it]" (id. at 140; see People v Burnett-Hicks, 133 AD3d 773, 774; People v Cantarero, 123 AD3d 841, 841-842). The transcript of the plea proceedings shows that the court did not ascertain on the record whether the defendant had read the written waiver or discussed it with defense counsel, or whether he was even aware of its contents (see People v Santeramo, 153 AD3d 1286; People v Black, 144 AD3d 935, 936; People v Pacheco, 138 AD3d 1035, 1036). Under the circumstances here, we conclude that the defendant did not knowingly, voluntarily, and intelligently waive his right to appeal (see People v Brown, 122 AD3d 133; see generally People v Bradshaw, 18 NY3d 257, 264-267; People v Ramos, 7 NY3d 737, 738; People v Lopez, 6 NY3d at 255).
Nevertheless, contrary to the defendant's contention, the sentence imposed was not [*3]excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court