People v Dagraca (2018 NY Slip Op 06258)





People v Dagraca


2018 NY Slip Op 06258


Decided on September 26, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2015-07176

[*1]The People of the State of New York, respondent,
v
Oneil Dagraca, appellant. (S.C.I. No. 4258/15)


Paul Skip Laisure, New York, NY (Lynn W. L. Fahey of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel; Robert Ho on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Matthew Sciarrino, Jr., J.), imposed July 16, 2015, upon his plea of guilty, on the ground that the period of probation supervision imposed was excessive.
ORDERED that the sentence is affirmed.
The defendant's purported waiver of his right to appeal was invalid (see People v Bradshaw, 18 NY3d 257, 267; People v Little, 127 AD3d 1235, 1235-1236; People v Brown, 122 AD3d 133, 137). The Supreme Court did not confirm that the defendant understood the nature of the right to appeal and the consequences of waiving that right (see People v Brown, 122 AD3d at 142). Although the record of the proceedings reflects that the defendant executed a written waiver of his right to appeal, no written waiver was included in the papers filed with this Court. Moreover, the court did not ascertain on the record whether the defendant had read the waiver or whether he was aware of its contents (see People v Iovino, 142 AD3d 561, 561-562; People v Brown, 122 AD3d at 145). Under the circumstances, the record does not demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Brown, 122 AD3d at 145).
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court