People v Prude (2018 NY Slip Op 07154)





People v Prude


2018 NY Slip Op 07154


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2017-02722
 (Ind. No. 2794/16)

[*1]The People of the State of New York, respondent,
v
Robert Prude, appellant. Paul Skip Laisure, New York, NY (David L. Goodwin of counsel), for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Gamaliel Marrero of counsel; Kaley Hanenkrat on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Martin P. Murphy, J.), imposed January 24, 2017, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant's purported waiver of his right to appeal was invalid (see People v Bradshaw, 18 NY3d 257, 264; People v Little, 127 AD3d 1235, 1235-1236; People v Brown, 122 AD3d 133, 137). The record does not demonstrate that the defendant understood the distinction between the right to appeal and the other trial rights which are forfeited incident to a plea of guilty (see People v Kupershmidt, 152 AD3d 797, 798; People v Burnett-Hicks, 133 AD3d 773). Moreover, although the defendant executed a written appeal waiver form, the Supreme Court failed to ascertain on the record whether the defendant had read the waiver or discussed it with defense counsel, or whether he was even aware of its contents (see People v Iovino, 142 AD3d 561, 561-562; People v Brown, 122 AD3d at 145). Thus, the waiver does not preclude review of the defendant's excessive sentence claim. However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court