People v Ravone A. (2018 NY Slip Op 08319)





People v Ravone A.


2018 NY Slip Op 08319


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-02911
2016-02912

[*1]The People of the State of New York, respondent,
v
Ravone A. (Anonymous), appellant. (Ind. Nos. 3327/15, 5360/15)


Paul Skip Laisure, New York, NY (Meredith S. Holt of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jodi L. Mandel of counsel; Thomas Arning on the memorandum), for respondent.



DECISION & ORDER
Appeals by the defendant, as limited by his motion, from two sentences of the Supreme Court, Kings County (Martin P. Murphy, J.), both imposed February 22, 2016, upon his pleas of guilty, on the ground that the sentences were excessive.
ORDERED that the sentences are affirmed.
A defendant who has validly waived the right to appeal cannot invoke this Court's interest of justice jurisdiction to obtain a reduced sentence (see People v Lopez, 6 NY3d 248, 255). Here, however, this Court is not precluded from exercising its interest of justice jurisdiction because the defendant's purported waivers of his right to appeal were invalid. The Supreme Court failed to provide the defendant with an adequate explanation of the nature of the right to appeal and the consequences of waiving that right (see People v Alston, 163 AD3d 843; People v Etienne, 152 AD3d 790). Additionally, the record does not demonstrate that the defendant understood the distinction between the right to appeal and the other trial rights that are forfeited incident to a plea of guilty (see People v Medina, 161 AD3d 778, 779; People v Guniss, 160 AD3d 895, 896). Moreover, although the court indicated that the defendant executed written waivers of his right to appeal, the waivers were not provided with the defendant's motion. Further, the transcript of the plea proceeding demonstrates that the court did not ascertain on the record whether the defendant had read the waivers or discussed them with defense counsel, or whether he was even aware of their contents (see People v Medina, 161 AD3d at 779; People v Santeramo, 153 AD3d 1286, 1287; People v Brown, 122 AD3d 133, 145). Under the circumstances here, we conclude that the defendant did not knowingly, voluntarily, and intelligently waive his right to appeal (see People v Medina, 161 AD3d at 779-780; People v Guniss, 160 AD3d at 896; People v Johnson, 157 AD3d 964, 965; People v Brown, 122 AD3d 133).
Nevertheless, the sentences imposed were not excessive (see People v Suitte, 90 AD2d 80).
BALKIN, J.P., SGROI, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court