People v Ortiz (2018 NY Slip Op 08330)





People v Ortiz


2018 NY Slip Op 08330


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
JOSEPH J. MALTESE, JJ.


2016-05111
 (Ind. No. 1335/14)

[*1]The People of the State of New York, respondent,
v
Anthony Ortiz, appellant.


The Legal Aid Society, New York, NY (Justine M. Luongo and Desiree Sheridan of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Anastasia Spanakos of counsel; Eleanor Reilly on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Ronald D. Hollie, J.), imposed April 13, 2016, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant's purported waiver of the right to appeal was invalid (see People v Bradshaw, 18 NY3d 257, 264; People v Little, 127 AD3d 1235, 1235-1236; People v Brown, 122 AD3d 133, 137). When the Supreme Court explained the defendant's waiver of his right to appeal to him, it improperly conflated the right to appeal with the rights automatically forfeited by a plea of guilty (see People v Diaz, 146 AD3d 803, 804; People v Wells, 135 AD3d 976; People v Bond, 109 AD3d 481). As such, the record does not demonstrate that the defendant understood the nature of the right he was being asked to waive or the distinction between the right to appeal and the other trial rights which are forfeited incident to a plea of guilty (see People v Crochran, 164 AD3d 598). Moreover, although the record of the proceedings reflects that the defendant executed a written waiver of his right to appeal, no written waiver is contained in the record on appeal (see People v Zirkel, 164 AD3d 846, 846). While the defendant acknowledged, in response to the court's inquiry, that the written waiver had been translated from English to Spanish, the court did not ascertain on the record whether the defendant had read the waiver or discussed it with defense counsel (see People v Iovino, 142 AD3d 561, 561-562; People v Brown, 122 AD3d at 145). Under the circumstances, we conclude that the defendant did not knowingly, voluntarily, and intelligently waive his right to appeal (see People v Crochran, 164 AD3d 598; People v Johnson, 157 AD3d 964, 965; People v Brown, 122 AD3d 133).
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., AUSTIN, ROMAN and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court