People v Chandler (2018 NY Slip Op 08948)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

People v Chandler

2018 NY Slip Op 08948

Decided on December 26, 2018

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
REINALDO E. RIVERA, J.P.
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2017-04726
(Ind. No. 5312/16)

[*1]The People of the State of New York, respondent,
vRodney Chandler, appellant.

Paul Skip Laisure, New York, NY (Melissa Lee of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Keith Dolan of counsel; Anna Arena on the memorandum), for respondent.

DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (John T. Hecht, J.), imposed April 13, 2017, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
A defendant who has validly waived the right to appeal cannot invoke this Court's interest of justice jurisdiction to obtain a reduced sentence (see People v Lopez, 6 NY3d 248, 255). Here, however, this Court is not precluded from exercising its interest of justice jurisdiction because the defendant's purported waiver of his right to appeal was invalid. The Supreme Court failed to provide the defendant with an adequate explanation of the nature of the right to appeal and the consequences of waiving that right (see People v Alston, 163 AD3d 843; People v Etienne, 152 AD3d 790). Additionally, the record does not demonstrate that the defendant understood the distinction between the right to appeal and the other trial rights that are forfeited incident to a plea of guilty (see People v Medina, 161 AD3d 778, 779; People v Guniss, 160 AD3d 895, 896). Moreover, although the court indicated that the defendant executed a written waiver of his right to appeal, the transcript of the plea proceeding demonstrates that the court did not ascertain on the record whether the defendant had read the waiver or discussed it with defense counsel, or whether he was even aware of its contents (see People v Medina, 161 AD3d at 779; People v Santeramo, 153 AD3d 1286, 1287; People v Brown, 122 AD3d 133, 145). Under the circumstances of this case, we conclude that the defendant did not knowingly, voluntarily, and intelligently waive his right to appeal (see People v Medina, 161 AD3d at 779; People v Guniss, 160 AD3d at 896; People v Johnson, 157 AD3d 964, 965; People v Brown, 122 AD3d 133).
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., SGROI, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court