People v Moncrieft (2019 NY Slip Op 00466)





People v Moncrieft


2019 NY Slip Op 00466


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2017-00346
 (Ind. No. 5845/15)

[*1]The People of the State of New York, respondent,
v
Gabriel Moncrieft, appellant.


Paul Skip Laisure, New York, NY (Jonathan Schoepp-Wong of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel; Robert Ho on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Martin P. Murphy, J.), rendered November 28, 2016, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review an order of protection issued at the time of sentencing.
ORDERED that upon the appeal from the judgment, the order of protection issued at the time of sentencing is vacated; and it is further,
ORDERED that the judgment is affirmed.
The defendant contends that his sentence of five years' imprisonment plus five years of postrelease supervision on his conviction of criminal possession of a weapon in the second degree was excessive. The People argue that this contention is precluded by the defendant's waiver of his right to appeal.
A defendant who has validly waived the right to appeal cannot invoke this Court's interest of justice jurisdiction to obtain a reduced sentence (see People v Lopez, 6 NY3d 248, 255). However, a waiver of the right to appeal "is effective only so long as the record demonstrates that it was made knowingly, intelligently and voluntarily" (id. at 256; see People v Bradshaw, 18 NY3d 257, 264; People v Brown, 122 AD3d 133, 136). Although the Court of Appeals has "repeatedly observed that there is no mandatory litany that must be used in order to obtain a valid waiver of appellate rights" (People v Johnson, 14 NY3d 483, 486), "[t]he best way to ensure that the record reflects that the right is known and intentionally relinquished by the defendant is to fully explain to the defendant, on the record, the nature of the right to appeal and the consequences of waiving it" (People v Brown, 122 AD3d at 142; see People v Rocchino, 153 AD3d 1284; People v Blackwood, 148 AD3d 716, 716).
As this Court recently articulated, " a thorough explanation should include an advisement that, while a defendant ordinarily retains the right to appeal even after he or she pleads guilty, the defendant is being asked, as a condition of the plea agreement, to waive that right'" (People v Batista, 167 AD3d 69, 76, quoting People v Brown, 122 AD3d at 144; see People v [*2]Medina, 161 AD3d 778, 779). A defendant should also " receive an explanation of the nature of the right to appeal, which essentially advises that this right entails the opportunity to argue, before a higher court, any issues pertaining to the defendant's conviction and sentence and to have that higher court decide whether the conviction or sentence should be set aside based upon any of those issues . . . [and] that appellate counsel will be appointed in the event that he or she were indigent'" (People v Batista, 167 AD3d at 76, quoting People v Brown, 122 AD3d at 144; see People v Swen, 164 AD3d 926; People v Alston, 163 AD3d 843, 843-844). Finally, " trial courts should then explain the consequences of waiving the right to appeal, i.e., that the conviction and sentence will not receive any further review, and shall be final'" (People v Batista, 167 AD3d at 76, quoting People v Brown, 122 AD3d at 144; see People v Swen, 164 AD3d 926; People v Alston, 163 AD3d at 843-844). As we pointed out in Batista, the Criminal Jury Instructions & Model Colloquies, available online through the New York State Unified Court System's website, include a model colloquy for the waiver of the right to appeal (see People v Batista, 167 AD3d at 76-77). While the use of the model colloquy is not mandatory, its use may nevertheless "substantially reduce the difficulties" (People v Batista, 167 AD3d at 83 [Scheinkman, P.J., concurring]), provided that the trial judges retain and use flexibility to undertake individualized inquiries as appropriate.
Here, the record does not demonstrate that the defendant understood the nature of the right to appeal and the consequences of waiving it (see People v Etienne, 152 AD3d 790, 790; People v Gonzalez, 150 AD3d 1024, 1025; People v De La Rosa, 148 AD3d 927, 927; People v Cuevas-Alcantara, 136 AD3d 650, 650). The Supreme Court did not provide the defendant with an adequate explanation of the nature of the right to appeal or the consequences of waiving that right (cf. People v Brown, 122 AD3d at 144). The court's explanation was little more than a tautology: "[Y]ou have given up your right to appeal. Which means there will be no appeal with regards to anything in your case, and the only exception to that would be an illegal sentence or some constitutional issue. But basically you have given up your right to appeal. Do you understand?" (see People v Colon, 153 AD3d 550, 550; People v Kupershmidt, 152 AD3d 797, 798). Furthermore, the court's statements at the plea allocution suggested that waiving the right to appeal was mandatory rather than a right which the defendant was being asked to voluntarily relinquish, and the court never elicited an acknowledgment that the defendant was voluntarily waiving his right to appeal (see People v Alston, 163 AD3d at 844; People v Santeramo, 153 AD3d 1286, 1286; People v Guarchaj, 122 AD3d 878, 879; People v Pelaez, 100 AD3d 803, 803).
Although the record on appeal reflects that the defendant signed a written appeal waiver form, a written waiver "is not a complete substitute for an on-the-record explanation of the nature of the right to appeal" (People v Bradshaw, 76 AD3d 566, 569, affd 18 NY3d 257; see People v Cuevas-Alcantara, 136 AD3d at 650; People v Brown, 122 AD3d at 138-139; People v Keiser, 100 AD3d 927, 928). The transcript of the plea proceedings shows that the Supreme Court did not ascertain on the record whether the defendant had read the written waiver or discussed it with defense counsel, or whether he was even aware of its contents (see People v Alston, 163 AD3d at 844; People v Santeramo, 153 AD3d at 1286; People v Black, 144 AD3d 935, 936; People v Pacheco, 138 AD3d 1035, 1036). Under the circumstances here, we conclude that the defendant did not knowingly, voluntarily, and intelligently waive his right to appeal (see People v Brown, 122 AD3d 133; see generally People v Bradshaw, 18 NY3d at 264-267; People v Ramos, 7 NY3d 737, 738; People v Lopez, 6 NY3d at 255).
Since the defendant did not validly waive his right to appeal, this Court is not precluded from considering the merits of his contention that his sentence was excessive. Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant also contends that the Supreme Court improperly imposed an order of protection at the time of sentencing without stating the reasons for the imposition of the order and without setting an expiration date for it. We note that this contention would survive even a valid waiver of the right to appeal (see People v Ramos, 164 AD3d 922; People v Kennedy, 151 AD3d 1079, 1079; People v Bernardini, 142 AD3d 671, 671).
A court is authorized to issue an order of protection for the benefit of victims and witnesses "[u]pon sentencing on a conviction for any offense" (CPL 530.13[4]; see People v Nieves, [*3]2 NY3d 310, 315). "[A]n order of protection issued incident to a criminal proceeding is an ameliorative measure intended to safeguard the rights of victims and witnesses both prior to and after conviction—it is not a part of the sentence imposed" (People v Nieves, 2 NY3d at 316). "Where a temporary order of protection was issued, the court shall state on the record the reasons for issuing or not issuing an order of protection" at the time of sentencing (CPL 530.13[4]). "The duration of such an order shall be fixed by the court" (id.).
Here, as the defendant correctly contends, the Supreme Court failed to state on the record the reasons for issuing the order of protection at the time of sentencing (see CPL 530.13[4]; cf. People v Ramos, 164 AD3d 922). Furthermore, as the People correctly concede, the court failed to fix the duration of the order of protection (see CPL 530.13[4]; cf. People v Palaguachi, 35 AD3d 767, 767-768; People v Ortiz, 25 AD3d 811, 812). Under these circumstances, we vacate the order of protection issued at the time of sentencing (compare People v Robinson, 110 AD3d 1010, 1010, with People v Ramos, 164 AD3d 922).
MASTRO, J.P., MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court