People v Slade (2020 NY Slip Op 01366)





People v Slade


2020 NY Slip Op 01366


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2018-08826
 (Ind. No. 17-00343)

[*1]The People of the State of New York, respondent,
v
Terrell E. Slade, appellant.


Mary Z. Raleigh, Warwick, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (William C. Ghee of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (William L. DeProspo, J.), rendered June 14, 2018, convicting him of attempted assault in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
On appeal, the defendant contends that the enhanced sentence he received after he failed to appear for a probation department interview and a scheduled sentencing date was excessive. The People argue that appellate review of the defendant's contention is precluded because he waived his right to appeal.
A waiver of the right to appeal "is effective only so long as the record demonstrates that it was made knowingly, intelligently and voluntarily" (People v Lopez, 6 NY3d 248, 256; see People v Bradshaw, 18 NY3d 257, 264; People v Brown, 122 AD3d 133, 136). Although the Court of Appeals has "repeatedly observed that there is no mandatory litany that must be used in order to obtain a valid waiver of appellate rights" (People v Johnson, 14 NY3d 483, 486), "[t]he best way to ensure that the record reflects that the right is known and intentionally relinquished by the defendant is to fully explain to the defendant, on the record, the nature of the right to appeal and the consequences of waiving it" (People v Brown, 122 AD3d at 142; see People v Ayala, 172 AD3d 1085, 1086; People v Carryl, 169 AD3d 818, 819).
As this Court recently articulated, " a thorough explanation should include an advisement that, while a defendant ordinarily retains the right to appeal even after he or she pleads guilty, the defendant is being asked, as a condition of the plea agreement, to waive that right'" (People v Batista, 167 AD3d 69, 76, quoting People v Brown, 122 AD3d at 144; see People v Swen, 164 AD3d 926, 927; People v Davis, 164 AD3d 827, 828; People v Spitzer, 163 AD3d 591, 592; People v Medina, 161 AD3d 778, 779). A defendant should also " receive an explanation of the nature of the right to appeal, which essentially advises that this right entails the opportunity to argue, before a higher court, any issues pertaining to the defendant's conviction and sentence and to have that higher court decide whether the conviction or sentence should be set aside based upon any of those issues . . . [and] that appellate counsel will be appointed in the event that he or she were indigent"' (People v Batista, 167 AD3d at 76, quoting People v Brown, 122 AD3d at 144; see People v Swen, 164 AD3d at 927; People v Davis, 164 AD3d at 828; People v Spitzer, 163 AD3d at 592). [*2]As this Court pointed out in Batista, the Criminal Jury Instructions & Model Colloquies, available online through the New York State Unified Court System's website, include a model colloquy for the waiver of the right to appeal (see People v Batista, 167 AD3d at 76-77). While the use of the model colloquy is not mandatory, its use may nevertheless "substantially reduce the difficulties" (id. at 83 [Scheinkman, P.J., concurring]), provided that the trial judges retain and use flexibility to undertake individualized inquiries as appropriate.
Here, the record does not establish that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Etienne, 152 AD3d 790, 790; People v Cuevas-Alcantara, 136 AD3d 650, 650). The County Court's terse colloquy during the plea allocution failed to sufficiently advise the defendant of the nature of his right to appeal and the consequences of waiving that right (see People v Moncrieft, 168 AD3d 982, 984; People v Neilson, 167 AD3d 779, 780). Although the defendant executed a written appeal waiver form, a written waiver is not a complete substitute for an on-the-record explanation of the nature of the right to appeal (see People v Anderson, 170 AD3d 739, 741; People v Latham, 162 AD3d 1068, 1070). Moreover, the defendant was not informed of the maximum sentence that could be imposed if he failed to comply with the conditions of his plea agreement (see People v Juwan L.D., 167 AD3d 645, 646; People v McNeil, 164 AD3d 608, 608; People v Yodice, 153 AD3d 1373, 1374). Thus, the purported appeal waiver does not preclude appellate review of the defendant's contention that the enhanced sentence was excessive.
Nevertheless, under the circumstances, the enhanced sentence was not excessive (see People v Suitte, 90 AD2d 80).
SCHEINKMAN, P.J., RIVERA, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court