People v Marchetti (2020 NY Slip Op 03926)





People v Marchetti


2020 NY Slip Op 03926


Decided on July 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY, JJ.


2018-06201
 (Ind. No.1164/17)

[*1]The People of the State of New York, respondent,
v
Brendan J. Marchetti, appellant.


Paul Skip Laisure, New York, NY (Jenin Younes of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano and Johnnette Traill of counsel; Lorrie A. Zinno on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Gene Lopez, J.), imposed April 10, 2018, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The totality of the circumstances demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal, notwithstanding that the written waiver signed by the defendant contained erroneous statements with regard to the issues encompassed by the waiver of the right to appeal (see People v Thomas, 34 NY3d 545, 564; People v Sanders, 25 NY3d 337, 340).
The defendant received a thorough oral explanation of the nature of the right to appeal and the consequences of waiving that right (see People v Tovar, 177 AD3d 588, 588; People v Ayala, 172 AD3d 1085, 1086-1087). The court explicitly advised the defendant that by waiving his right to appeal, he was not giving up "[his] right to take an appeal by filing notice of appeal . . . within 30 days of the date of [his] sentence," and that the waiver did not encompass the loss of attendant rights to counsel and poor person relief. The court also explained to the defendant that certain claims survive the waiver of the right to appeal, including, among other things, any challenges to the voluntariness of his plea, his competency to stand trial, and the legality of his sentence. Furthermore, the court's colloquy ensured that the defendant understood the distinction between the right to appeal and the other trial rights which are forfeited incident to a plea of guilty (see People v Lopez, 6 NY3d 248, 256; People v Carryl, 169 AD3d 818, 819-820). It bears noting that the defendant, who was 29 years old at the time of the plea, was a high school graduate, was gainfully employed, and had prior experience with the criminal justice system having previously been convicted of several misdemeanor crimes.
Contrary to the defendant's contention, "[t]he court's oral colloquy, specifically its inquiry of [the defendant] and resulting assurances that he had ample opportunity to discuss with counsel the meaning of the waiver and appellate rights he was surrendering, was sufficient to support a knowing and voluntary waiver under the totality of the circumstances" (People v Thomas, 34 NY3d [*2]at 564). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d at 255-256).
BALKIN, J.P., CHAMBERS, COHEN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court