People v Hopkins (2024 NY Slip Op 02332)

People v Hopkins

2024 NY Slip Op 02332

Decided on May 1, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 1, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
BARRY E. WARHIT
JANICE A. TAYLOR
LAURENCE L. LOVE, JJ.

2022-09986
2022-09987

[*1]The People of the State of New York, respondent,
v
Robert Hopkins, appellant. (Ind. Nos. 126/17, 605/20)

Patricia Pazner, New York, NY (Yaniv Kot of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Ellen C. Abbot of counsel; Miles Palminteri on the memorandum), for respondent.

DECISION & ORDER
Appeals by the defendant, as limited by his motion, from two sentences of the Supreme Court, Queens County (John F. Zoll, J.), both imposed October 7, 2022, upon his pleas of guilty, on the ground that the sentences were excessive.
ORDERED that the sentences are affirmed.
Contrary to the People's contention, the record does not demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Lopez, 6 NY3d 248, 256). The Supreme Court did not address the appeal waiver as part of the plea agreement being offered to the defendant before the agreement was reached, and it was not until after the defendant had already admitted his guilt that the court discussed the waiver with the defendant (see People v Smith, 224 AD3d 785; People v Diallo, 196 AD3d 598). Moreover, the court failed to advise the defendant that he retained the right to file a notice of appeal and that the waiver did not encompass the loss of attendant rights to counsel and poor person relief (cf. People v Marchetti, 185 AD3d 839, 840). Although the defendant executed a written appeal waiver form, the court failed to confirm that the defendant understood the content of the written waiver (see People v Richards, 224 AD3d 782). Thus, the purported waiver does not preclude appellate review of the defendant's excessive sentence claim.
However, the sentences imposed were not excessive (see People v Suitte, 90 AD2d 80).
BARROS, J.P., WOOTEN, WARHIT, TAYLOR and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court