People v Ortega (2024 NY Slip Op 03188)

People v Ortega

2024 NY Slip Op 03188

Decided on June 12, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 12, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
HELEN VOUTSINAS, JJ.

2022-06672
 (Ind. No. 70058/22)

[*1]The People of the State of New York, respondent,
v
Wilbert Ortega, appellant.

Patricia Pazner, New York, NY (Chelsea Lopez of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Ellen C. Abbot, and Julien Gutierrez of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Mary L. Bejarano, J., at plea; Frances Y. Wang, J., at sentence), rendered August 4, 2022, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating the imposition of mandatory surcharges and fees; as so modified, the judgment is affirmed.
Contrary to the People's contention, the record does not demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545). The Supreme Court failed to advise the defendant that he retained the right to file a notice of appeal and that the waiver did not encompass the loss of attendant rights to counsel and poor person relief (see People v Hopkins, ___ AD3d ___, 2024 NY Slip Op 02332 [2d Dept]; cf. People v Marchetti, 185 AD3d 839, 840). Although the defendant agreed to his counsel's execution of a written waiver of the right to appeal, nothing in the record demonstrates that the document was translated for the defendant, who required the use of a Spanish language interpreter, before it was presented to him (see People v Hong Mo Lin, 163 AD3d 849; People v Perez, 160 AD3d 901, 901-902). Since the defendant did not validly waive his right to appeal, this Court is not precluded from considering the merits of his contention that the sentence imposed was excessive. Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
As consented to by the People, and pursuant to the exercise of our interest of justice jurisdiction, we modify the judgment by vacating the surcharges and fees imposed on the defendant at sentencing (see CPL 420.35[2-a][c]; People v Jaaber, 223 AD3d 685; People v Johnson, 193 AD3d 1076, 1077).
CONNOLLY, J.P., MILLER, WARHIT and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court