People v Deas (2024 NY Slip Op 03493)

People v Deas

2024 NY Slip Op 03493

Decided on June 26, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
CARL J. LANDICINO, JJ.

2022-03733
 (Ind. No. 70121/21)

[*1]The People of the State of New York, respondent,
v
Ishmial Deas, appellant.

Twyla Carter, New York, NY (Hilary Dowling of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Keith Dolan of counsel; Karen Abel-Bey on the memorandum), for respondent.

DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Laura R. Johnson, J.), imposed April 13, 2022, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant's purported waiver of his right to appeal was invalid. "The trial courts must be sure to obtain, on the record, an affirmative response from the defendant that he or she understands the rights as explained, that the defendant is giving up those rights, and that the defendant is doing so voluntarily after discussing same with counsel" (People v Brown, 122 AD3d 133, 144-145). The Supreme Court never elicited an acknowledgment that the defendant was voluntarily waiving his right to appeal (see People v Habersham, 186 AD3d 854, 854-855; People v Kang, 183 AD3d 640, 641). Moreover, the court did not clearly ascertain on the record that defense counsel discussed the right to appeal with the defendant (see People v Ayala, 146 AD3d 966, 966). Although the record contains a written waiver of the right to appeal, "'[t]he defendant's execution of a written waiver is not a complete substitute for an on-the-record explanation of the nature of the right to appeal, and some acknowledgment that the defendant is voluntarily giving up that right'" (People v Etienne, 152 AD3d 790, 790, quoting People v Cuevas-Alcantara, 136 AD3d 650, 650 [internal quotation marks omitted]). The court also failed to confirm on the record that the defendant understood the contents of the written waiver (see People v Hopkins, ____ AD3d ____, 2024 NY Slip Op 02332 [2d Dept]), and did not discuss the appeal waiver with the defendant until after the defendant had already admitted his guilt as part of the plea agreement (see People v Heft, 220 AD3d 806; People v Blake, 210 AD3d 901, 901). Thus, the purported waiver does not preclude appellate review of the defendant's excessive sentence claim.
Nonetheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BRATHWAITE NELSON, J.P., CHRISTOPHER, FORD and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court