People v Black
2026 NY Slip Op 03178
May 20, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,
v
Abraham Black, appellant. (S.C.I. No. 71820/23)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 20, 2026
2023-06792
Mark C. Dillon, J.P.
Lara J. Genovesi
William G. Ford
Janice A. Taylor
James P. McCormack, JJ.

Patricia Pazner, New York, NY (Victoria Broderick of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill of counsel; Sarah Walter on the memorandum), for respondent.

[*1]
DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Jerry M. Iannece, J.), imposed July 17, 2023, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
Contrary to the People's contention, the record does not demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal under the totality of the circumstances (see People v Thomas, 34 NY3d 545, 559; People v Lopez, 6 NY3d 248, 256). The record does not reflect that the Supreme Court mentioned the waiver of appeal as part of the plea bargain being offered to the defendant, and it was not until after the defendant had already admitted his guilt that the court discussed the waiver (see People v Hyman, 244 AD3d 1001, 1001; People v Sutton, 184 AD3d 236, 245). Moreover, the court's explanation of the waiver of appeal did not clearly articulate that a defendant ordinarily retains the right to appeal even after he or she pleads guilty, but, as a condition of the plea agreement, the defendant was being asked to waive that right (see People v Slade, 180 AD3d 1073, 1074). Under the circumstances, the purported waiver does not preclude appellate review of the defendant's excessive sentence claim (see People v Hyman, 244 AD3d at 1001; People v Slade, 180 AD3d at 1074-1075).
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., GENOVESI, FORD, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court